Statement of the Case.
NICHOLLS, J.
The defendant, indicted for murder, was found guilty of the crime- and was sentenced to death. He has appealed. He relies for reversal upon a motion to-quash -the indictment on the ground that:
First. The grand jury finding the indictment in this case was illegally constituted in this, to wit: That said grand jury were-drawn by an unconstitutional body of jury commissioners, having been appointed by the Governor of this state; that the Govern- or is without authority to appoint jury commissioners, it having been decided by the-Supreme Court of this state that the appointment of jury commissioners “is a judicial, not an executive, function.”
The court overruled the motion, and this ruling, it is contended, was erroneous and entitles the defendant to a reversal of the-judgment.
Opinion.
The court committed no error in overruling the motion. The appointment of jury commissioners by the Governor was made-under Act No. 9S, p. 124, of 1880, as amended by Act No. 170, p. 211, of 1894. Jury commissioners are officers created by statute.
Article 71 of the Constitution of 1898, referring to the Governor, declares:
“He shall nominate and by and with the consent of the Senate appoint all officers whose offices are established by this Constitution, and whose appointment or elections are not herein otherwise provided for: Provided that the General Assembly shall have the right to prescribe the mode of appointment or election to all offices created by it.”
The Governor, making appointment of jury commissioners, acted under authority *468 ■conferred on him by law, and in so doing ■exercised executive functions. The fact that the officers whom he appointed may he ■called on to perform duties connected with the judicial department does not make his •act in appointing them a judicial act.
We are not dealing with an act of the ■General Assembly authorizing or directing judges to appoint jury commissioners, on the ground that such duty thrown on courts is in contravention of article 96 of the Con•stitution. That question is entirely distinct from the one submitted to us.
We find no legal ground for the reversal ■of the judgment appealed from. It is therefore affirmed.